FILED
CLERK, U.S. DISTRICT COURT

FEB 16 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit ; and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS,<br><br>Plaintiffs,<br><br>v.<br><br>R. M. FISHER CONSTRUCTION, INC., a California corporation; RAY M. FISHER JR., also known as RAY MERRITT FISHER, JR., individually and doing business as R. M. FISHER CONSTRUCTION, INC. and as FISHER CONSTRUCTION; JEANETTE B. FISHER, individually and doing business as R. M. FISHER CONSTRUCTION, INC.; and PLATTE RIVER INSURANCE COMPANY, a Nebraska corporation,<br><br>Defendants. | CASE NO. CV 10-2837 CBM(Ex)<br><br>**STATEMENT OF FACTS AND CONCLUSIONS OF LAW** |

The matter before the Court is Plaintiffs' Motion for Summary Judgment. [Docket No. 38]. The Court, having read all of the papers and evidence in support of Plaintiffs, CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION and BOARD OF TRUSTEES, (collectively "CARPENTERS TRUSTS") Motion for Summary Judgment, hereby makes the following findings:

## FACTS

1. CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, ("CSAC") is a non-profit corporation duly organized and existing under and by virtue of the laws of the State of California.

2. At all times herein mentioned, BOARD OF TRUSTEES was and now is a fiduciary and is a duly authorized and acting trustee of the various Carpenter Trust Funds.

3. At all times herein mentioned, Southwest Carpenters Health and Welfare Trust, Southwest Carpenters Pension Trust, Southwest Carpenters Vacation Trust, and Southwest Carpenters Training Fund were, and now are, multiemployer plans within the meaning of ERISA.

4. The Construction Industry Advancement Fund of Southern California, the Residential Housing Contract Administration Trust Fund, the Contractors-Carpenters Grievance and Arbitration Trust and the Contract Administration Trust for Carpenter- Management Relations, are express trusts, were and are express trusts within the meaning of ERISA.

5. The Carpenters-Contractors Cooperation Committee, the Southern California Drywall Industry Fund and the California Drywall/Lathing Industry Labor-Management Cooperation Committee were and are non-profit California corporations which exists pursuant to section 5(b) of the Labor Management Cooperation Act of 1978, 92 Stat. 2020 (1978), for the purposes set forth in section 302(c)(9) of LMRA, 29 U.S.C. § 186(c)(9).

6. At all times herein mentioned, CSAC was, and now is, the

administrator of Southwest Carpenters Health and Welfare Trust, Southwest Carpenters Pension Trust, Southwest Carpenters Vacation Trust, and Southwest Carpenters Training Fund, and assignee of the Construction Industry Advancement Fund of Southern California, the Residential Housing Contract Administration Trust Fund, the Contractors-Carpenters Grievance and Arbitration Trust, the Contract Administration Trust for Carpenter- Management Relations, and the Carpenters-Contractors Cooperation Committee, the Southern California Drywall Industry Fund, the California Drywall/Lathing Industry Labor-Management Cooperation Committee, Inc. and the Grievance Obligation Trust Fund (collectively, the "PLANS"), and as such is a plan fiduciary within the meaning of ERISA.

7. The duly authorized and acting trustees or directors of each of the PLANS have assigned to CSAC all their right, title and interest as to the amounts due as alleged in the complaint and this motion.

8. At all times herein mentioned, the Southwest Regional Council of Carpenters and its affiliated local unions ("UNIONS") affiliated with United Brotherhood of Carpenters and Joiners of America, are labor organizations that are a party to the collective bargaining agreements involved.

9. R. M. FISHER CONSTRUCTION, INC., a California corporation, was suspended as a corporation on September 1, 1993 by the Franchise Tax Board.

10. R.M. FISHER CONSTRUCTION, INC. was a contractor engaged in the construction industry in Southern California, and conducted the construction business of the Fishers (the "FISHER BUSINESS").

11. Since the date of the suspension of R.M. FISHER CONSTRUCTION, INC., RAY M. FISHER, JR., also known as RAY MERRITT FISHER, JR., individually and doing business as R. M. FISHER CONSTRUCTION, INC. and as FISHER CONSTRUCTION, JEANETTE B. FISHER, individually and doing

business as R. M. FISHER CONSTRUCTION, INC., (the "FISHER DEFENDANTS") continued to operate the FISHER BUSINESS either under the name "R.M. Fisher Construction, Inc." or "Fisher Construction," or both.

12. At all times herein mentioned, RAY M. FISHER, JR., also known as RAY MERRITT FISHER, JR., individually and doing business as R. M. FISHER CONSTRUCTION, INC. and as FISHER CONSTRUCTION was and is a contractor engaged in the construction industry in Southern California.

13. At all relevant times, R.M. FISHER CONSTRUCTION, INC. was bound to a written collective bargaining agreement with the UNIONS.

14. The Memorandum Agreement bound R.M. FISHER CONSTRUCTION, INC. to the terms and conditions of the Master Labor Agreement ("MLA") between the United General Contractors and the United Brotherhood of Carpenters and Joiners of America, and the Declarations of Trust establishing the Southwest Carpenters Health and Welfare Trust, the Southwest Carpenters Pension Trust, the Southwest Carpenters Vacation Trust, and the Southwest Carpenters Training Fund (collectively the "AGREEMENTS").

15. The AGREEMENTS obligate R.M. FISHER CONSTRUCTION, INC. to pay fringe benefit contributions at the rates set forth in the AGREEMENTS for every hour worked by employees performing services covered by the AGREEMENTS, and on account of all compensation paid to employees performing services covered by the AGREEMENTS.

16. The AGREEMENTS obligate R.M. FISHER CONSTRUCTION, INC. to make the fringe benefit contributions to the PLANS at their place of business, on or before the 25th day of each month following the month during which the hours for which contributions are due were worked or paid.

17. R.M. FISHER CONSTRUCTION, INC. and the FISHER DEFENDANTS employed workers who performed services covered by the AGREEMENTS during the term of the AGREEMENTS.

18.     As provided for under the AGREEMENTS, audits of the books and records of R.M. FISHER CONSTRUCTION, INC., and the FISHER DEFENDANTS performed for the periods September 1, 2004 through June 30, 2007, July 1, 2007 through August 30, 2009 and a check stub audit for the period September 12, 2008 through January 23, 2009, revealed that R.M. FISHER CONSTRUCTION, INC. and the FISHER DEFENDANTS had underreported the actual hours worked by its carpentry employees.

19.     The AGREEMENTS provide that the R.M. FISHER CONSTRUCTION, INC. is to pay audit expenses if an audit indicates that R.M. FISHER CONSTRUCTION, INC. failed to report and pay all contributions.

20.     After the suspension of R.M. FISHER CONSTRUCTION, INC. in 1993, the FISHER DEFENDANTS, Ray and Jeanette Fisher, operated the FISHER BUSINESS and continued to be bound by the Agreements and paid contributions, and from time to time, interest and liquidated damages, to Plaintiffs as required by the Agreements.

21.     After 1993, the Plaintiffs filed previous actions under the AGREEMENTS against the R.M FISHER CORPORATION, INC. and the FISHER DEFENDANTS, Ray and Jeanette Fisher. (*See* USDC CD #CV 96-8951 CBM(JGx), USDC CD #CV 99-8891 CBM(MANx), USDC CD #CV 00-02419 CAS(Ex), USDC CD #CV 02-6481 CBM(AJWx).) Those actions settled with payments made to Plaintiffs.

22.     In USDC CD #CV 02-6481 CBM(AJWx), the FISHER DEFENDANTS, Ray Fisher and Jeanette Fisher, admitted, and the court found, that they were successors to R.M. FISHER CONSTRUCTION, INC.

23.     Following the 2004 litigation, Plaintiffs continued to receive reports and contributions from the FISHER DEFENDANTS on behalf of their employees until June 2010. The FISHER DEFENDANTS have not reported to and have been inactive with CSAC since July 2010.

24. For the periods July 2008, December 2008, January 2009, April 2009 through August 2009, February 2010 and March 2010, R.M. FISHER CONSTRUCTION, INC. and the FISHER DEFENDANTS submitted its monthly reports late and/or without payment for the fringe benefit contributions.

25. R.M. FISHER CONSTRUCTION, INC. and the FISHER DEFENDANTS have failed to pay the underreported fringe benefit contributions as required by the AGREEMENTS.

26. As a result of the failure to pay fringe benefit contributions, R.M. FISHER CONSTRUCTION, INC. and the FISHER DEFENDANTS are liable for interest on the unpaid contributions from the first of the month following the date due, at the rate prescribed by the AGREEMENTS.

27. The amount owed by R.M. FISHER CONSTRUCTION, INC. and the FISHER DEFENDANTS to the CARPENTERS TRUSTS, excluding reasonable attorneys fees and costs, is $127,343.03.

28. CARPENTERS TRUSTS have been unable to recover the unpaid fringe benefit contributions from R.M. FISHER CONSTRUCTION, INC. and the FISHER DEFENDANTS.

## **CONCLUSIONS OF LAW**

1. The facts, insofar as they may be conclusions of law, are hereby incorporated by reference.

2. The action arises and jurisdiction of the court is founded on section 301 of the Labor-Management Relations Act of 1947 ("LMRA") (29 U.S.C.A. §185a) and section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") (29 U.S.C.A. §1132).

3. The Southwest Carpenters Health and Welfare Trust, Southwest Carpenters Pension Trust, Southwest Carpenters Vacation Trust, and Southwest Carpenters Training Fund, were and are express trusts which exist pursuant to section 302 of the LMRA, 29 U.S.C. § 186, and multiemployer plans within the

meaning of section 3 of ERISA, 29 U.S.C. § 1002.

4. The Construction Industry Advancement Fund of Southern California, the Residential Housing Contract Administration Trust Fund, the Contractors-Carpenters Grievance and Arbitration Trust, and the Contract Administration Trust for Carpenter- Management Relations, were and are express trusts which exist pursuant to section 302 of the LMRA, 29 U.S.C. § 186.

5. The Carpenters-Contractors Cooperation Committee, the Southern California Drywall Industry Fund and the California Drywall/Lathing Industry Labor-Management Cooperation Committee were and are non-profit California corporations which exists pursuant to section 5(b) of the Labor Management Cooperation Act of 1978, 92 Stat. 2020 (1978), for the purposes set forth in section 302(c)(9) of LMRA, 29 U.S.C. § 186(c)(9).

6. R.M. FISHER CONSTRUCTION, INC. and FISHER DEFENDANTS are liable to CARPENTERS TRUSTS pursuant to Section 515 of ERISA (29 U.S.C. § 1145), as amended which provides "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement".

7. R.M. FISHER CONSTRUCTION, INC. and FISHER DEFENDANTS are obligated to pay the unpaid fringe benefit contributions as required by the AGREEMENTS and interest at the rate of 7 percent on the delinquent sums.

8. As a result of the failure to pay fringe benefit contributions, R.M. FISHER CONSTRUCTION, INC. and FISHER DEFENDANTS are liable for an amount equal to the greater of interest on the unpaid contributions as prescribed by section 6621 of the Internal Revenue Code of 1954, 26 U.S.C. § 6621, or liquidated damages provided for under the AGREEMENTS.

9. R.M. FISHER CONSTRUCTION, INC. and FISHER DEFENDANTS are liable for CARPENTERS TRUSTS' attorneys' fees and the costs pursuant to section 502(g)(2) of ERISA and pursuant to the AGREEMENTS as it has been necessary for CARPENTERS TRUSTS to engage counsel to bring this action to recover the delinquent contributions.

10. R.M. FISHER CONSTRUCTION, INC. and FISHER DEFENDANTS are liable to CARPENTERS TRUSTS pursuant to section 502(a) of ERISA (29 U.S.C. §1132(a)) provides in part that "A civil action may be brought... (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan."

11. FISHER DEFENDANTS are the successors in interest to R.M. FISHER CONSTRUCTION, INC., including its assets and liabilities, and have continued since 1993 to the present time operating the business formerly conducted by R.M. FISHER CONSTRUCTION, INC.

**IT IS SO ORDERED.**

DATED: February 16, 2012

HONORABLE CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE